630 So.2d 596 (1993)
Carlton J. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03062.
District Court of Appeal of Florida, Second District.
November 3, 1993.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
This is the second time the appellant has brought this case before us challenging consecutive habitual violent felony offender (H.V.O.) sentences under section 775.084, Fla. Stat. (Supp. 1988). Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992) (Brown I). In Brown I, relying upon Palmer v. State, 438 So.2d 1 (Fla. 1983), and Daniels v. State, 595 So.2d 952 (Fla. 1992), we determined that consecutive H.V.O. sentences are permissible in instances of a single criminal episode like the one before us but the minimum mandatory portions of such sentences must be served concurrently. Upon remand and without comment on the ten-year minimum mandatory portions of the sentences the trial court again imposed consecutive sentences: thirty years' incarceration for Count I followed by ten years' incarceration and ten years' probation for Count II.[1] Based on the fact that the two crimes occurred during a single criminal episode, we again reverse because the supreme court has recently clarified Daniels so that the consecutive habitual violent offender sentences imposed upon remand were error. Hale v. State, 630 So.2d 521 (Fla. 1993). Because the appellant's case is still pending on direct appeal, he receives the benefit of the supreme court's decision in Hale. Smith v. State, 598 So.2d 1063 (Fla. 1992).
*597 In Hale, the facts leading to the supreme court's conclusion are indistinguishable from the facts before us: convictions for two counts of second degree felonies committed during a single episode. The defendant in Hale had convictions for sale and possession with intent to sell, the appellant in the instant case has two convictions for aggravated battery. The sentencing court in each instance enhanced the sentences pursuant to section 775.084(4)(b), Florida Statutes. In Hale, the supreme court held that the sentencing court could sentence the defendant separately for each count and have the sentences served consecutively. But the supreme court went on to say:
However, the trial court is not authorized, in our view, to both enhance Hale's sentence as a habitual offender and make each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine consecutive, without specific legislative authorization in the habitual offender statute.
Hale, 630 So.2d at 525. In accord with Hale, we reverse and remand for resentencing of the appellant to concurrent rather than consecutive habitual violent felony offender sentences. Appellant need not be present at resentencing.
Reversed and remanded for resentencing.
PARKER and ALTENBERND, JJ., concur.
NOTES
[1] For reasons not relevant here, the trial court mitigated the sentence on Count II from the previously imposed thirty years.