WHATLEY, Judge.
The appellant, James Bell, challenges Ms convictions and sentences for possession of cocaine and sale of cocaine. We find merit only in Ms contention that the trial court erred in imposing consecutive habitualized sentences.
Bell was sentenced as a habitual violent felony offender. He correctly argues that *1276 the trial court erred in imposing the sentence for possession of cocaine to run consecutively to the sentence for sale of cocaine. A trial court may not both enhance a defendant’s sentence as a habitual offender and order each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine to run consecutively to one another. Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S. -, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). Accordingly, we reverse the sentences and remand this case with instructions that Bell’s enhanced sentences be ordered to run concurrently. Bell need not be present at re-sentencing. See Brown v. State, 630 So.2d 596 (Fla. 2d DCA 1993).
Affirmed in part, reversed in part and remanded for resentencing.
PATTERSON, A.C.J., and SCHEB, JOHN M., Senior Judge, concur.