681 So.2d 870 (1996)
Joseph SUGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-80.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
Joseph Edward Suggs, Lowell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We deny Suggs' petition for writ of habeas corpus. In his petition, he urges that the trial court erred in resentencing him in his absence. Suggs is entitled to no relief.
In the first place, Suggs raised this identical issue in an appeal from a denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800. Suggs v. State, 650 So.2d 1007 (Fla. 5th DCA 1995). Successive claims are procedurally barred where issues either were or should have been raised in earlier appeals. See Atkins v. Singletary, 622 So.2d 951 (Fla.1993); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
Further, a defendant need not be present for resentencing where habitual offender sentences are reversed, pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). See Golz v. State, 674 So.2d 856 (Fla. 2d DCA 1996); Rolle v. State, 668 So.2d 1080 (Fla. 2d DCA 1996); Brown v. State, 647 So.2d 333 (Fla. 3d DCA 1994); Brown v. State, 630 So.2d 596 (Fla. 2d DCA 1993).
AFFIRMED.
COBB, W. SHARP and GOSHORN, JJ., concur.