709 So.2d 606 (1998)
Lance D. WINDISCH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02207.
District Court of Appeal of Florida, Second District.
April 8, 1998.
Lance D. Windisch, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Lance D. Windisch appeals the sentences imposed following his successful postconviction relief motion. Because of several errors that occurred at the resentencing hearing, we reverse and remand with instructions.
Following a jury trial, Windisch was convicted and sentenced on a three-count information. He subsequently filed a timely motion for postconviction relief alleging that his consecutive sentences were in violation of Hale v. State, 630 So.2d 521 (Fla.1993). The trial court granted Windisch's motion. However, in addition to removing the consecutive conditions, the court imposed new sentences on each count.
In Hale, the Florida Supreme Court prohibited consecutive habitual offender sentences for offenses committed during a single criminal episode. The court remanded "with instructions that Hale's enhanced sentences be ordered to run concurrently." 630 So.2d at 525. Under Hale, the remedy available to the trial court was to simply order the previously imposed sentences to run concurrently. In reviewing Hale sentencing errors, this court has consistently applied the Hale instruction and remanded with directions to run the imposed sentences concurrently. See Bell v. State, 679 So.2d 1275 (Fla. 2d DCA 1996); Golz v. State, 674 So.2d 856 (Fla. 2d DCA 1996); Rolle v. State, 668 So.2d 1080 (Fla. 2d DCA 1996); Brown v. State, 630 So.2d 596 (Fla. 2d DCA 1993). See also Brown v. State, 647 So.2d 333 (Fla. 3d DCA *607 1994); Suggs v. State, 681 So.2d 870 (Fla. 5th DCA 1996). Applying Hale to Windisch, we conclude that the trial court erred by imposing new sentences.
Windisch contends that he was entitled to be represented by counsel at the resentencing hearing. Because correcting Hale sentencing errors is a ministerial-type function, case law provides that a defendant's presence is not required. See Bell, 679 So.2d at 1276; Golz, 674 So.2d at 857; Rolle, 668 So.2d at 1081; Suggs, 681 So.2d at 870; Brown, 647 So.2d at 334; Brown, 630 So.2d at 597. Therefore, the court did not err by failing to appoint counsel.
Accordingly, we reverse the sentences and remand with instructions to the trial court to reinstate the originally imposed sentences, and to correct those sentences by ordering them to run concurrently. We note that, apparently as a clerical error, the sentences under review fail to reflect they were imposed concurrently with a previously existing sentence from Citrus County. On remand, the corrected sentences should reflect that they are concurrent with the Citrus County case. As pointed out above, Windisch's presence at resentencing is not required.
Reversed and remanded with instructions.
WHATLEY and NORTHCUTT, JJ., concur.