921 So.2d 765 (2006)
Andres SEGURA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2650.
District Court of Appeal of Florida, Third District.
February 22, 2006.
*766 Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Jill K. Traina, Assistant Attorney General, for appellee.
Before GERSTEN, GREEN, and SUAREZ, JJ.
PER CURIAM.
Andres Segura appeals his convictions and sentences asserting error in the denial of his cause challenges of two prospective jurors. We agree and reverse the conviction.
Defendant was charged with two counts of sexual battery on a minor and one count of lewd and lascivious molestation of a child. During voir dire, prospective juror Parker stated that her niece had been sexually assaulted at fifteen. Despite repeated questioning and attempts to rehabilitate the juror, she never expressed a clear assurance that this incident would not influence her judgment. Her best response was that she would try not to let it affect her judgment.
Also during voir dire, the court questioned the panel as to whether everyone could agree that the defendant did not have to present any evidence. In response, prospective juror Mihaiu indicated that if he were innocent, he would strenuously protest his innocence. After more questioning, Mihaiu stated, "If there was any question in my mind, I would want to hear from the person." The court asked the juror whether, if the defendant did not testify, it was not going to prejudice the juror's verdict. The juror responded, "I just have doubt about the whole scenario, yes, sir." "My only conclusion [over] the years is that I would want to stand up and bang on the table."
The defense moved to strike these two jurors for cause. The court denied the cause challenges. The defense used peremptories to strike these jurors. Upon exhausting its peremptories, the defense requested two additional peremptories; the court only granted one. The defense was forced to accept an undesirable juror. The defendant was convicted as charged. This error was properly preserved. Trotter v. State, 576 So.2d 691 (Fla.1990).
A cause challenge should be granted "if there is a basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at trial[.]" Singer v. State, 109 So.2d 7, 23-24 (Fla.1959).
[A] juror's statement that he can and will return a verdict according to the evidence submitted and the law announced at the trial is not determinative of his competence, if it appears from other statements made by him or from other evidence that he is not possessed of a state of mind that will enable him to do so.
Id. at 24. The impartiality of a juror is so essential to affording a defendant a fair trial that in a close case it "should be resolved in favor of excusing the juror rather than leaving a doubt as to his or her impartiality." Sydleman v. Benson, 463 So.2d 533, 533 (Fla. 4th DCA 1985). Accord Price v. State, 538 So.2d 486, 489 (Fla. 3d DCA 1989); Club West, Inc. v. Tropigas of Fla., Inc., 514 So.2d 426, 427 (Fla. 3d DCA 1987).
Applying these standards to the record before us, we must conclude that *767 the trial court abused its discretion in denying the cause challenges to both jurors: Juror Parker clearly expressed doubts as to her ability to be fair based on her experience with a family member victim of a similar crime; this was sufficient to justify excusing her for cause. Wilkins v. State, 607 So.2d 500 (Fla. 3d DCA 1992); Blye v. State, 566 So.2d 877 (Fla. 3d DCA 1990); Salazar v. State, 564 So.2d 1245 (Fla. 3d DCA 1990). Juror Mihaiu expressed his conviction that led the defense to logically conclude that "the accused must produce evidence of his innocence to avoid a conviction at the hands of that juror." Singer, 109 So.2d at 24; Overton v. State, 801 So.2d 877 (Fla.2001). This juror should also have been excused for cause. Overton; Hamilton v. State, 547 So.2d 630 (Fla.1989); Lowe v. State, 718 So.2d 920 (Fla. 4th DCA 1998); Gibson v. State, 534 So.2d 1231 (Fla. 3d DCA 1988); Huber v. State, 669 So.2d 1079 (Fla. 4th DCA 1996).
As the foregoing demonstrates, the court's decision to deny these cause challenges, and its denial of two additional peremptory challenges to defendant, was manifest error. Defendant is entitled to a new trial. Overton; Gibson; Huber.
Reversed and remanded.