WALLACE, Judge.
Walter Ludwig Hammel raises two arguments in this appeal of his fifteen convictions of using a computer to seduce a child in violation of section 847.0135(3), Florida Statutes (2003). Mr. Hammel’s first argument is without merit, and we will not comment on it further. Mr. Ham-mel’s second argument is that his multiple convictions arise out of a single criminal episode. Therefore, according to Mr. Hammel, his convictions violate double jeopardy principles. We conclude that only one of Mr. Hammel’s fifteen convictions violates the prohibition against double jeopardy. Accordingly, we reverse Mr. Hammel’s conviction on count six, and we affirm his convictions on the remaining fourteen counts.
From October 20, 2003, through November 30, 2003, Mr. Hammel communicated with Sergeant Dennis Waters of the Eagle Lake Police Department in an Internet chat room called “Men for Boys.” Sergeant *635 Waters posed as a thirteen-year-old boy and identified himself as “Larry.” Mr. Hammel used two personas when he conversed with Sergeant Waters: (1) Henry— Rand — 14, a fifteen-year-old boy, and (2) Walt Lou 2000, an adult male. Over the course of forty-one days, Mr. Hammel and Sergeant Waters had numerous conversations during which Mr. Hammel described various sexual acts that “Walt Lou” had performed on “Henry Rand” and various sexual acts that ‘Walt Lou” would like to perform on “Larry.” Using his Internet personas, Mr. Hammel encouraged “Larry” to meet ‘Walt Lou” in person. Ultimately, the fictitious characters arranged a meeting, and the police arrested Mr. Ham-mel when he arrived at the meeting location.
The State charged Mr. Hammel with eighteen counts of using a computer to seduce or to attempt to seduce a child or a person believed to be a child to commit any illegal act described in chapter 794, chapter 800, or chapter 827, Florida Statutes. Each count charged was intended to correspond to a separate Internet conversation between Mr. Hammel and Sergeant Waters. A jury found Mr. Hammel guilty of fifteen counts of the offense. The trial court sentenced Mr. Hammel to consecutive, five-year terms of imprisonment for counts one through four, totaling twenty years’ imprisonment. The trial court also sentenced Mr. Hammel to (1) concurrent, five-year probationary terms for counts five through seven; (2) concurrent, five-year probationary terms for counts nine through fifteen, to be served consecutively to counts five through seven; and (3) a five-year probationary term for count eighteen, to be served consecutively to counts nine through fifteen. In short, the trial court sentenced Mr. Hammel to serve twenty years in prison followed by fifteen years on probation.
Mr. Hammel argues that his conversations with Sergeant Waters were part of one ongoing event and, therefore, his convictions arise out of a single criminal episode. Article I, section 9 of the Florida Constitution protects criminal defendants from multiple convictions and punishments for the same offense arising out of a single episode. The test used to determine whether offenses arise from a single criminal episode requires a trial court to “ ‘look to whether there was a separation of time, place, or circumstances’ between the crimes because ‘those factors are objective criteria utilized to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent.’ ” McCann v. State, 854 So.2d 788, 792 (Fla. 2d DCA 2003) (quoting Hayes v. State, 803 So.2d 695, 704 (Fla.2001)). By looking at the spatial and temporal aspects of the crimes, a court can ascertain “whether the defendant had time to pause, reflect, and form a new criminal intent between the occurrences.” Eaddy v. State, 789 So.2d 1093, 1095 (Fla. 4th DCA 2001).
Although all of Mr. Hammel’s acts were targeted at the same victim, the separation of time between conversations shows that Mr. Hammel had time to pause, reflect, and form a new criminal intent before initiating each additional conversation. Although some conversations were separated by only one day, other conversations occurred five or seven days apart. The record demonstrates that each time Mr. Ham-mel contacted Sergeant Waters, he had formed a new intent to attempt to seduce “Larry” to commit an illegal act. Thus Mr. Hammel could have been properly charged for each Internet conversation without violating double jeopardy protections.
In all but one instance, each of the charges against Mr. Hammel reflects a separate Internet conversation with Ser *636 geant Waters. However, counts five and six are based upon a single conversation or, stated differently, a single criminal episode. The State presented evidence that Mr. Hammel contacted “Larry” late in the evening on November 4. This conversation continued past midnight into the early morning hours of November 5. The State presented no evidence that Mr. Hammel contacted “Larry” a second time on November 5. Although there was only one conversation, the State charged Mr. Ham-mel in count five for his actions on November 4 and in count six for his actions on November 5. There was no temporal break in the conversation or a change in circumstances to warrant separate charges. Thus Mr. Hammel’s convictions for both count five and count six do violate the prohibition against double jeopardy.
Because Mr. Hammel was convicted twice for the same offense arising from a single criminal episode, we reverse his conviction on count six. We remand this case to the trial court to vacate the judgment on count six and to strike the portion of Mr. Hammel’s sentence related to that count. However, the total length of time Mr. Hammel will serve in prison and on probation will not be affected by the striking of the sentence for count six because that sentence was to be served concurrently with the sentences for counts five and seven. We note that Mr. Hammel need not be present for the entry of the corrected judgment and sentence. See Windisch v. State, 709 So.2d 606 (Fla. 2d DCA 1998). We affirm the remaining convictions and sentences without further discussion.
Affirmed in part; reversed in part; remanded.
WHATLEY and KELLY, JJ., Concur.