MORRIS, Judge.
 

 William Henry Caldwell, IV, appeals his convictions for felony murder and armed burglary. We reverse for the reason explained below and remand for a new trial.
 

 Caldwell argues on appeal that during jury selection, the trial court improperly denied his cause challenge to a potential juror (Juror E), who questioned why a person would not want to testify in his defense. Caldwell claims that Juror E’s comments raised a reasonable doubt as to her ability to be impartial and that she was not rehabilitated by the State.
 

 
 *1236
 
 The following discussion occurred during voir dire:
 

 DEFENSE COUNSEL:.... Now another principle that we need to discuss is the idea of a person[’s] not testifying in their own trial. Okay? How do you feel about that ... ?
 

 After discussing with several jurors the right to not testify, defense counsel stated:
 

 DEFENSE COUNSEL: Now, here is another legal principle that kind of butts up against that natural desire to know everything, and that is that the person does not have to testify. Okay? No person can be compelled to give testimony. Does that bother anybody? I mean, in other words, would you be thinking to yourself, well, he didn’t testify, that must mean that he’s guilty; otherwise he would get up and say so? Does anybody feel that way, have that reaction?
 

 [[Image here]]
 

 PROSPECTIVE JUROR [H]: I can deal with that. I can, you know, just draw from the evidence and make a decision.
 

 DEFENSE COUNSEL: Right. Anyone else?
 

 PROSPECTIVE JUROR [E]: I have a question. Why would someone not want to have the opportunity to speak the truth?
 

 DEFENSE COUNSEL: Okay. Can you suggest a reason?
 

 The State then objected, and a sidebar conference was held, during which the trial court overruled the State’s objection. The following continued before the prospective jurors:
 

 DEFENSE COUNSEL: [Juror E]?
 

 PROSPECTIVE JUROR [E]: Yes, sir.
 

 DEFENSE COUNSEL: You asked me a question, you said why might a person—
 

 PROSPECTIVE JUROR [E]: Not want to.
 

 DEFENSE COUNSEL: And I asked you, can you think of a reason?
 

 PROSPECTIVE JUROR [E]: Unless they are guilty.
 

 DEFENSE COUNSEL: Unless they are guilty. Does anybody — what about nervousness? Could that be reason? Yes, ma’am?
 

 Defense counsel then discussed the issue with other jurors and further explained the right to remain silent. Juror E was not again addressed on this issue, and she posed no additional questions.
 

 During the selection process, defense counsel challenged Juror E for cause, stating that “she didn’t indicate that she could accept the idea of a person who was — a defendant not testifying.” After an objection by the State, the trial court denied the challenge, stating “I don’t have a note on that either.” Defense counsel then used a peremptory strike on Juror E and requested more peremptory strikes, identifying three jurors he wished to strike. The trial court denied defense counsel’s request for more peremptory strikes. One of the objectionable jurors served on the jury. Caldwell renewed the objection before the jury was sworn.
 

 We first note that defense counsel properly preserved the issue for appeal and that Caldwell has demonstrated that if an error exists, it requires reversal.
 
 See Carratelli v. State,
 
 961 So.2d 312, 318-19 (Fla.2007) (holding that in order to show that the improper denial of a challenge for cause constitutes reversible error, the challenging party must use a peremptory challenge to strike the juror, request additional peremptory strikes, and demonstrate that an objectionable juror served on the jury).
 

 
 *1237
 
 We now decide whether the trial court improperly denied Caldwell’s cause challenge to Juror E. “ ‘[A] juror must be excused for cause if any reasonable doubt exists as to whether the juror possesses an impartial state of mind.’ ”
 
 Overton v. State,
 
 801 So.2d 877, 890 (Fla.2001) (quoting
 
 Kearse v. State,
 
 770 So.2d 1119, 1128 (Fla.2000)). A trial court has broad discretion in determining whether to grant a challenge for cause.
 
 Id.
 
 Close cases should be resolved in favor of excusing the juror.
 
 See Thomas v. State,
 
 958 So.2d 1047, 1050 (Fla. 2d DCA 2007). Specifically applicable to this case is “the premise that the presumption of innocence is defeated if ‘a juror is taken upon a trial whose mind is in such condition that the accused must produce evidence of his innocence to avoid a conviction.’ ”
 
 Overton,
 
 801 So.2d at 891 (quoting
 
 Singer v. State,
 
 109 So.2d 7, 24 (Fla.1959)).
 

 In
 
 Mitchell v. State,
 
 862 So.2d 908, 911 (Fla. 4th DCA 2003), one potential juror testified that “although she knew that the defendant had a right not to testify, it ‘probably1 would cross her mind if he did not.” A second potential juror testified that “he would ‘wonder why they didn’t get up there and tell their story.’”
 
 Id.
 
 Although the trial court then gave an instruction on the absolute right to not testify, the second juror said that his feelings had not changed. A third juror stated that “she would probably question why someone who was not guilty “wouldn’t want to perhaps tell their side of the story.’ ”
 
 Id.
 
 Then, a fourth juror said that the third juror “expressed [his] sentiments exactly.”
 
 Id.
 
 The defense challenged all four potential jurors for cause, and the trial court denied the challenge as to potential jurors one, two, and four. The defense used peremptory challenges on those jurors.
 

 On appeal, the court held that juror two should have been stricken for cause because his responses “reflected doubt about this ability to set aside his conjecture as to why the defendant did not testify!] and that despite the instructions from the trial judge, his feelings did not change.”
 
 Id.
 
 The court also recognized juror four’s comment about “why someone innocently charged with a crime would not want to testify.”
 
 Id.
 
 The court held that “[a]ll of these comments create more than a reasonable doubt about these jurors’ ability to be fair and impartial] and, therefore, [that] the court erred in denying [defendant’s] challenge for cause as to” jurors two and four.
 
 Id.
 
 at 911-12.
 

 Here, even after defense counsel informed the potential jurors that a defendant has an absolute right to not testify, Juror E stated that she did not understand why somebody would not want the opportunity to speak the truth. When asked by defense counsel why someone might not want to testify, Juror E stated “[ujnless they are guilty.” As in
 
 Mitchell,
 
 Juror E’s comments created a reasonable doubt regarding her ability to be fair and impartial.
 
 See also Segura v. State,
 
 921 So.2d 765, 766 (Fla. 3d DCA 2006) (finding reversible error where trial court improperly denied a challenge for cause to juror who stated that he would want to hear from the defendant if there was any question in his mind and that if he were innocent, he would protest his innocence);
 
 Shannon v. State,
 
 770 So.2d 714, 715 (Fla. 4th DCA 2000) (finding reversible error where trial court improperly denied a challenge for cause to juror who “stated that he could not understand why someone who was innocent would not speak to his innocence at trial” and that juror did not recede from his position or state he could be fair after expressing this view).
 

 
 *1238
 
 When sufficient grounds arose to sustain the challenge for cause as to Juror E, it was not defense counsel’s obligation to rehabilitate her.
 
 See Bryant v. State,
 
 601 So.2d 529, 532 (Fla.1992) (“The appropriate procedure, when the record preliminarily establishes that a juror’s views could prevent or substantially impair his or her duties, is for either the prosecutor or the judge to make sure the prospective juror can be an impartial member of the jury.”);
 
 Taylor v. State,
 
 796 So.2d 570, 572 (Fla. 2d DCA2001).
 

 The State argues that Juror E was rehabilitated by defense counsel’s general questions to the voir dire regarding a defendant’s right to remain silent, as well as Juror E’s recognition of other applicable criminal principles. Although Juror E had earlier acknowledged that the charging document is not evidence and that a defendant is presumed innocent until proven guilty, a question arose about her ability to be impartial to a defendant who might not testify once she indicated her belief that a defendant would not testify because he is guilty. The only time Juror E spoke after making her comments on the decision to not testify was when defense counsel asked if the law regarding the principles they had been discussing— “burden of proof, presumption of innocence, reasonable doubt” — would apply to a serious charge. Juror E stated, “It does.” Juror E was not asked by the trial court or the prosecutor if she understood the right to remain silent or if she could be impartial and fair despite her earlier comments regarding the right to remain silent. Defense counsel twice asked the panel if a decision to not testify would prevent them from finding the person not guilty, but Juror E did not respond to this question. “[A] juror’s silence to a question asked of the entire panel” is not sufficient to overcome a concern about the impartiality of that juror caused by the juror’s earlier comments.
 
 Bell v. State,
 
 870 So.2d 893, 895 (Fla. 4th DCA 2004) (“While Florida law permits the rehabilitation of a juror whose responses in voir dire raise concerns about impartiality, reasonable doubt is not overcome by a juror’s silence to a question asked of the entire panel.”). Thus, the State’s asserted justifications on appeal for the trial court’s denial of the cause challenge are without merit.
 

 We conclude that the trial court abused its discretion in denying Caldwell’s challenge for cause to Juror E. We accordingly reverse Caldwell’s convictions and remand for a new trial.
 

 Reversed and remanded.
 

 WHATLEY and NORTHCUTT, JJ„ Concur.