NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CURTIS JOHN WELCH,           )
                             )
          Appellant,         )
                             )
v.                           )   Case No. 2D14-3971
                             )
                             )
STATE OF FLORIDA,            )
                             )
          Appellee.          )
                             )

Opinion filed April 13, 2016.

Appeal from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


LUCAS, Judge.

          Curtis Welch appeals his convictions and sentences for stalking and

aggravated stalking. Because the trial court erroneously denied two of Mr. Welch's

challenges for cause during jury selection, we reverse his judgment and sentences.

I.

Mr. Welch was charged by information with two counts of aggravated stalking. Count I alleged a violation of a temporary injunction for protection against stalking between the dates of December 17, 2013, and December 26, 2013; Count II charged Mr. Welch with violating a final injunction for protection against stalking between December 26, 2013, and February 14, 2014. Each of the charges alleged a sustained course of harassing, obnoxious conduct on the part of Mr. Welch toward the same victim.

The jury found Mr. Welch guilty of the lesser included offense of stalking on Count I and guilty of aggravated stalking, as charged, on Count II. Following the verdict, the trial court imposed concurrent sentences of 365 days in jail on Count I and ten years in prison on Count II. Mr. Welch timely appealed. In his appeal, Mr. Welch raises two issues that we will address in turn: first, whether the trial court abused its discretion by denying his challenges for cause of four jury panelists during voir dire; and second, whether his sentences for these two crimes violated the constitutional prohibition against double jeopardy.[1]

II.

A.

---

[1]We note that Mr. Welch never presented any issue of double jeopardy before the trial court; however, because a double jeopardy violation can constitute fundamental error, it may be raised for the first time on appeal. See Rios v. State, 19 So. 3d 1004, 1006 (Fla. 2d DCA 2009); Eichelberger v. State, 949 So. 2d 358, 359 (Fla. 2d DCA 2007).

Mr. Welch identifies four jury panelists who, he contends, should have been stricken from his venire panel for cause.[2] We find no error as to the trial court's denial of two of these challenges and affirm those rulings without further comment. With respect to the remaining two prospective jurors, Mr. Strickland and Ms. Wolff, the transcript reveals responses that, while not uncommon for prospective jurors in criminal voir dire proceedings, are nevertheless problematic:

> [DEFENSE COUNSEL]: [T]he judge will instruct you that you are not to consider, you know, the defendant's, Mr. Welch, exercising his right to remain silent as evidence of guilt against him. Mr. Strickland, are you comfortable going through a whole trial without hearing Mr. Welch testify?
>
> JUROR STRICKLAND: Am I uncomfortable?
>
> [DEFENSE COUNSEL]: Are you comfortable with it?
>
> JUROR STRICKLAND: No.
>
> [DEFENSE COUNSEL]: No, you are not? You would expect that the person on trial would testify in [his] or her defense?
>
> JUROR STRICKLAND: Yes. That's -- that's just me.
>
> [DEFENSE COUNSEL]: That's just you. And that's perfectly fine, you know. It is important to be completely candid. So, you know, if I told you, you know -- so, if it happened that he didn't testify today, that's going to be lingering in your mind if you are deliberating?

---

[2]Mr. Welch properly preserved the errors claimed here. To preserve the issue of whether a trial court improperly denied a challenge for cause of a prospective juror, the defendant must "object to the jurors, show that he or she has exhausted all peremptory challenges and requested more that were denied, and identify a specific juror that he or she would have excused if possible." Matarranz v. State, 133 So. 3d 473, 482 (Fla. 2013) (quoting Kearse v. State, 770 So. 2d 1119, 1128 (Fla. 2000)). Mr. Welch's counsel followed this procedure as to all four of the rulings he now challenges.

JUROR STRICKLAND: Honestly, it would be lingering, yes.

[DEFENSE COUNSEL]: Would it be lingering to the point where, you know, maybe, it's dipping into you holding the State to that high burden?

JUROR STRICKLAND: No.

[DEFENSE COUNSEL]: No?

JUROR STRICKLAND: No.

[DEFENSE COUNSEL]: So, you would still expect --

JUROR STRICKLAND: I would still [expect] the State to have a firm case and prove it.

[DEFENSE COUNSEL]: But it would be lingering in your brain?

JUROR STRICKLAND: Yes.

[DEFENSE COUNSEL]: Yes. But you are saying it will not influence your decision as to Mr. Welch's guilt or innocence today? If you had to -- and I am not -- and I am not trying to -- I don't want to say I am not trying to pressure you, because I am. I am -- I am not trying to call you out or anything. I just want to know if the defendant over there decided not to exercise his right to remain silent, would that weigh so heavily in your mind that, maybe, you could not -- you know, you couldn't give him the fair trial that he deserves? And it's okay to say yes, and it's okay to say no. It's just what you feel, personally.

JUROR STRICKLAND: If it's proven beyond a reasonable doubt, I am okay with that. If there is that, you know, in between where he could have helped or hurt himself by testifying, that would be the thing that's lingering in my mind.

[DEFENSE COUNSEL]: Okay. So, if the State has not proven the case beyond a reasonable doubt, maybe they came pretty close, but there is a little reasonable doubt, and then you say, well, you know, the defendant, Mr. Welch, didn't testify, you know, he is guilty. Is that how it's going to work? I mean, it's okay to say that, but it's important that we, you know, get exactly what you feel.

JUROR STRICKLAND:  Sure.

. . . .

[DEFENSE COUNSEL]:  Okay.  So, you don't know how -- to what extent that would weigh on your mind, is that fair to say?

JUROR STRICKLAND:  There you go.

[DEFENSE COUNSEL]:  Now, Ms. Wolff, you were shaking your head.

JUROR WOLFF:  I agree.

[DEFENSE COUNSEL]:  You agree?

JUROR WOLFF:  (Indicating.)

[DEFENSE COUNSEL]:  Would you say that you have to hear the defendant testify in order to be able to hear this case and deliberate?

JUROR WOLFF:  I need to hear everything.

[DEFENSE COUNSEL]:  Okay.  What if the judge instructs you, before you go back and deliberate, that the, um -- that Mr. Welch has the ultimate right, as anybody sitting in that chair, under that flag over there, to remain silent, and that you cannot hold that against him.  If you are instructed on that, what's -- I mean, do you still need to hear him say that, hear him testify to anything?  And it's okay.  I mean, people -- some people -- you know, it's human nature to want to hear both sides, but there are a million reasons under the sun why somebody might not take the stand.  Now, Ms. Wolff, say that [I] advised my client not to testify, and you wouldn't know that, because that's not something that necessarily comes out, are you going to hold that against him?

JUROR WOLFF:  No.

[DEFENSE COUNSEL]:  No.  So, you know, would you agree with the right to remain silent?  I mean, are you going to hear the case on your own, and if you don't hear Mr.

Welch testify you wouldn't -- it wouldn't affect your deliberations, or would it affect your deliberations?

JUROR WOLFF: Probably not.

[DEFENSE COUNSEL]: Probably not?

JUROR WOLFF: Yes.

. . . .

[DEFENSE COUNSEL]: What if the State does not prove the case beyond a reasonable doubt, just like the scenario with Mr. Strickland, and you didn't hear Mr. Welch testify, are you going to hold him exercising his right to remain silent against him, or are you going to say, no, the case was not proven beyond a reasonable doubt, the right to remain silent aside, the case was not proven beyond a reasonable doubt, he is not guilty, are you going to have any problem with that?

JUROR WOLFF: Probably not.

The trial court heard arguments from defense counsel who requested cause challenges for both Mr. Strickland and Ms. Wolff. After hearing responsive arguments from the State, the trial court afforded Mr. Welch one additional peremptory challenge but denied Mr. Welch's request for a second additional peremptory challenge. That is pertinent here because a single improper denial of a cause challenge would not constitute reversible error in this case; rather, reversal would be mandated only if two or more of Mr. Welch's challenges for cause were denied in error. See, e.g., Overton v. State, 801 So. 2d 877, 889 (Fla. 2001) ("[W]e note that to prevail with this argument, Overton must establish that the trial court erred in denying the challenges for cause as to *both* [prospective jurors] because the trial court did award the defense one additional peremptory challenge . . . ."). And as we will explain, both Mr. Strickland and Ms. Wolff

should have been stricken for cause, two errors which were not assuaged by the grant of a single additional peremptory challenge.

B.

"The question of the competency of a challenged [prospective] juror is 'one of mixed law and fact to be determined by the trial judge in his [or her] discretion.' " Matarranz v. State, 133 So. 3d 473, 484 (Fla. 2013) (quoting Singer v. State, 109 So. 2d 7, 22 (Fla. 1959)).  When presented with a challenge for cause to a prospective juror, a trial court must consider "if there is basis for any reasonable doubt" concerning that prospective juror's ability "to render an impartial verdict based solely on the evidence." Id. (quoting Singer, 109 So. 2d at 23); see also § 913.03(10), Fla. Stat. (2014) (specifying ground for striking a prospective juror for cause where "[t]he juror has a state of mind . . . that will prevent the juror from acting with impartiality").  A trial court's denial of a challenge for cause must be affirmed unless it amounts to an abuse of discretion. Franqui v. State, 804 So. 2d 1185, 1191 (Fla. 2001).  However, as we explained in Pelham v. Walker, 135 So. 3d 1114, 1116 (Fla. 2d DCA 2013):  "Although the trial court has discretion in determining a challenge for cause, the challenge must be granted if there is any reasonable doubt regarding a potential juror's impartiality.  'Ambiguities or uncertainties about a juror's impartiality should be resolved in favor of excusing the juror.' " (citation omitted) (quoting Carratelli v. State, 961 So. 2d 312, 318 (Fla. 2007)).

The impartiality required of jurors cannot depend on whether an accused criminal defendant will waive the right to remain silent.  See, e.g., Caldwell v. State, 50 So. 3d 1234, 1236-38 (Fla. 2d DCA 2011) (holding that unrehabilitated prospective juror who opined during voir dire that criminal defendants would want to have the opportunity

to speak the truth unless they are guilty should have been stricken for cause); McKay v. State, 61 So. 3d 1178, 1181 (Fla. 3d DCA 2011) (finding reversible error where trial court failed to strike prospective juror who responded that he would "be more inclined to basically convict" if the defendant did not testify; observing that "[t]his statement is entirely at odds with a defendant's presumption of innocence and right to remain silent at trial, two of the most basic tenets at the heart of our system of justice"). If a prospective juror will not remain impartial when an accused chooses to exercise the right to remain silent, then that juror should be stricken for cause.

In the case at bar, both Mr. Strickland and Ms. Wolff expressed misgivings about how they would judge the facts of the case if Mr. Welch did not testify in his defense. Mr. Strickland very candidly responded that if the State's case were "in between" being proven or unproven, then Mr. Welch's refusal to testify "would be the thing that's lingering in my mind." Ms. Wolff agreed, adding that she would "need to hear everything," clearly referring to Mr. Welch's testimony. These views—held by two prospective jurors—would compromise Mr. Welch's right to remain silent and his presumption of innocence. See McKay, 61 So. 3d at 1181. And although both prospective jurors affirmed they could still be fair and impartial if Mr. Welch chose not to testify, each equivocated that affirmation: Mr. Strickland by repeatedly stating that Mr. Welch's silence would be a "lingering" issue; Ms. Wolff by minimizing her assurance that Mr. Welch's refusal to testify "probably" would not affect her decision. Equivocations such as these will not rehabilitate the kind of partiality each of these prospective jurors had expressed against Mr. Welch's right to remain silent. See Kopsho v. State, 959 So. 2d 168, 172 (Fla. 2007) (holding that a prospective juror's "consistently equivocal

responses raise[d] reasonable doubt about his fitness as a juror"); Kelly v. State, 689 So. 2d 1262, 1263-64 (Fla. 3d DCA 1997) (holding that prospective juror's answers of "I think I can" and "It will be difficult to" in response to question of whether she would hold a defendant's refusal to testify against him justified striking her for cause).

Because the record reflected reasonable doubt about Mr. Strickland and Ms. Wolff's ability to remain impartial if Mr. Welch did not testify in his defense, we conclude that the trial court abused its discretion by denying Mr. Welch's motions to strike these prospective jurors for cause. His judgment and sentences must, therefore, be reversed.

III.

We next address Mr. Welch's second argument on appeal concerning double jeopardy. Mr. Welch argues that his convictions and sentences for two separate criminal counts that, he contends, should have been encompassed within a single count violated the constitutional prohibition against double jeopardy.[3]

We review the trial court's application of the prohibition against double jeopardy for multiple criminal offenses de novo. See State v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014); State v. Florida, 894 So. 2d 941, 945 (Fla. 2005). It is well-settled that "the prohibition against double jeopardy does *not* prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts." Hayes v. State, 803 So. 2d 695, 700 (Fla. 2001). The issue Mr. Welch presents is whether the

---

[3]See Amend. V, U.S. Const. ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb."); Art. I, § 9, Fla. Const. ("No person shall be . . . twice put in jeopardy for the same offense. . . .").

criminal acts with which he was charged, in fact, gave rise to two "distinct and independent criminal acts." We hold that they did.

The record reflects that on December 20, 2013, Mr. Welch was arrested and jailed for violation of a temporary injunction for protection against stalking that had been issued on December 17, 2013. While in jail, Mr. Welch reinitiated contact with the victim. A final injunction for protection against stalking was then served upon Mr. Welch in open court on December 26, 2013, by a Lee County Sheriff's Office deputy. And again, Mr. Welch promptly reinitiated contact with the victim in violation of this second injunction.

While Counts I and II of the information shared some degree of temporal and substantive connection—both counts concerned Mr. Welch's repeated, unlawful contact with the same victim over an alleged period of time that appears to overlap on December 26, 2013—we are satisfied that the events were sufficiently distinct to meet the constitutional requirements of double jeopardy. Mr. Welch's arrest afforded a temporal break in this chain of events that allowed him an opportunity "to pause, reflect, and form a new criminal intent" prior to the criminal acts alleged in Count II. See Hammel v. State, 934 So. 2d 634, 635 (Fla. 2d DCA 2006) (quoting Eaddy v. State, 789 So. 2d 1093, 1095 (Fla. 4th DCA 2001)); State v. Jones, 678 So. 2d 1336, 1338 (Fla. 5th DCA 1996) ("[A]pprehension and arrest . . . concluded the factual event which formed the basis for the arrest and began a separate and distinct factual event."); cf. Capron v. State, 948 So. 2d 954, 958 (Fla. 5th DCA 2007) (holding that "a sufficient temporal break" allows the offender "to reflect and form a new criminal intent"). So, too, the service of the final injunction order in open court, much like the intervening arrest,

provided Mr. Welch an opportunity to reflect and form a new criminal intent to unlawfully stalk this victim. In sum, we find that Mr. Welch was tried and convicted for two separate and distinct criminal incidents. His convictions did not violate the constitutional prohibition against double jeopardy, and we reject his second argument on appeal accordingly.

IV.

Because Mr. Welch's cause challenges to two prospective jurors were improperly denied, we reverse his judgment and convictions and remand his case for a new trial. We note that because the jury convicted Mr. Welch of the lesser included offense of stalking on Count I and aggravated stalking as charged on Count II, under Florida Rule of Criminal Procedure 3.640, the State is permitted to retry Mr. Welch for stalking on Count I and aggravated stalking on Count II. Cf. Middleton v. State, 131 So. 3d 815, 816-17 (Fla. 1st DCA 2014).

Reversed and remanded.

VILLANTI, C.J., and WALLACE, J., Concur.