IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOEY HUGHES,

   Appellant,

 v.              Case No.  5D14-4516

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed October 21, 2016

Appeal from the Circuit Court
for Lake County,
Don F. Briggs, Judge.

James S. Purdy, Public Defender,
and Ailene S. Rogers, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.


WALLIS, J.

  Joey Hughes ("Appellant") appeals his convictions and sentences after pleading

nolo contendere to use of a computer to solicit a child for unlawful sexual conduct

("solicitation"), in violation of section 847.0135(3)(a), Florida Statues (2014), and traveling

to meet a child to engage in unlawful sexual conduct ("traveling after solicitation"), in

violation of section 847.0135(4)(a), Florida Statutes (2014). We affirm the trial court's denial of Appellant's dispositive motion to dismiss without discussion. Finding that Appellant's dual convictions for solicitation and traveling after solicitation violate the prohibition against double jeopardy, we reverse and remand, instructing the trial court to vacate Appellant's conviction and sentence for solicitation.

On February 3, 2014, a detective with the Lake County Sheriff's Office responded via email to Appellant's ad in the "Casual Encounters" section on Craigslist, purporting to be a fourteen-year-old girl. Appellant and the detective exchanged emails and text messages over the next several hours, in which Appellant discussed performing various inappropriate sexual acts with the detective. After Appellant and the detective discussed the detective's location in Clermont, referring to a nearby steakhouse as a landmark, Appellant stated that he would like to meet soon. In response, the detective offered to meet Appellant at the aforementioned steakhouse. Appellant explained that, because he had to wake up at 2 a.m. for a 14-hour workday, their meeting would have to wait. After confirming the location of the steakhouse and that the detective would be available after 2 or 3 p.m. the next day, they ended their communication at 9:18 p.m., agreeing to meet in person the following afternoon. Appellant stated that he would message the detective at approximately 3 p.m.

At 2:29 p.m. on February 4, 2014, the detective texted Appellant. After exchanging messages referencing the previous night's conversation, Appellant asked the detective how long it would take her to walk to "that steak house." She guessed 10 minutes, and he responded, "ahhh kk ill let you know when im close if you still want to meet." Appellant further stated, "its just a meet up till dark." After Appellant clarified the statement, the

2

detective stated, "oh… i see. so after dark.. we get to do the things we talked about." When Appellant asked whether a local Wendy's would be closer, the detective stated "the [steak house] is closer . . . i can meet u there n we can go to the wendys." Nonetheless, Appellant directed the detective to "come to wendys." Shortly after Appellant notified the detective that he was parked near Wendy's at 4:27 p.m., law enforcement arrested him.

The State charged Appellant by information with one count of solicitation and one count of traveling after solicitation. Appellant moved to dismiss the charges, arguing objective and subjective entrapment. The trial court denied Appellant's motion to dismiss after a hearing. Thereafter, Appellant entered an open plea of nolo contendere to both charges, reserving the right to appeal the trial court's denial of his motion to dismiss. The trial court sentenced Appellant to forty-two months' incarceration on each count, to run concurrently.

Following Appellant's convictions and sentences, the Florida Supreme Court released its opinion in State v. Shelley, 176 So. 3d 914 (Fla. 2015). In Shelley, the Court explained that "because the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the Blockburger same-elements test codified in section 775.021(4), Florida Statutes." Id. at 919 (citation omitted). Thus, the court concluded that "double jeopardy principles prohibit separate convictions based upon the same conduct." Id. Where dual convictions for traveling and solicitation violate double jeopardy, "the proper remedy is to vacate the solicitation conviction because it is the lesser offense." Senger v. State, 41 Fla. L. Weekly D1259, D1261 (Fla. 5th DCA May 27, 2016) (citing Shelley, 176 So. 3d at 919); see also Stapler v. State, 190 So. 3d 162, 165 (Fla. 5th DCA 2016).

3

We disagree with the State that the seventeen-hour temporal gap between when the communications ended on February 3 and began again on February 4 renders the charges separate and distinct criminal acts. Cf. Pinder v. State, 128 So. 3d 141, 144 (Fla. 5th DCA 2013) (finding no double jeopardy violation where evidence supported convictions for separate offenses, spanning eight days); Hammel v. State, 934 So. 2d 634, 635 (Fla. 2d DCA 2006) (finding no double jeopardy violation where "[a]lthough some conversations were separated by only one day, other conversations occurred five or seven days apart"). Although the solicitation and traveling occurred on different days, numerous cases stand for the proposition that the traveling need not occur on the same day as the solicitation for dual convictions to violate double jeopardy. See Shelley, 176 So. 3d at 919 (electronic communication over several days, followed by traveling); Mahar v. State, 190 So. 3d 1123, 1125 (Fla. 2d DCA 2016) (traveling one day after electronic communication); Senger, 41 Fla. L. Weekly at D1261 (traveling five days after electronic communication). Specifically, Mahar concerns circumstances nearly identical to those here:

> Mr. Mahar responded to an online ad, and the relevant communications happened over the course of one night and the following day. Mr. Mahar was made aware of the age of the niece, about whom he had expressed an interest. Arrangements were made, and he traveled to meet the girl and her purported aunt the following day. He was arrested when he arrived at the designated location. The conversations began on March 21 and continued on March 22. He was arrested the evening of March 22.

190 So. 3d at 1125.

In this case, although Appellant's conduct, from initial communication to travel and arrest, spanned just over twenty-four hours, slight variations could have shortened that

span, eliminating the temporal gap to satisfy the State's definition of a single criminal act. But for Appellant's work commitment, his traveling likely would have occurred on the night of their initial communication, during which the parties discussed the detective's location and Appellant expressed a desire to meet, or earlier on February 4, when the detective first resumed communication. Similarly, the State might have made initial contact with Appellant later on February 3. However, no matter the timing, Appellant's conduct constituted one criminal act, for which multiple convictions would violate double jeopardy. Based on the foregoing, we find that Appellant's dual convictions cannot stand in light of Shelley and its progeny because the "State relied upon the same conduct to charge" Appellant with both solicitation and traveling after solicitation. See 176 So. 3d at 917. We reverse and remand for the trial court to vacate Appellant's conviction and sentence for solicitation, the lesser offense. We also remand for the court to consider whether resentencing on Appellant's conviction for traveling after solicitation is appropriate because our record does not reflect whether it would impose the same sentence based upon the recalculated scoresheet. We affirm in all other respects.

AFFIRMED in part; REVERSED in part; REMANDED with INSTRUCTIONS.


LAMBERT, J., concurs.
BERGER, J., concurs in part, dissents in part, with opinion.

BERGER, J., concurring in part; dissenting in part.          Case No. 5D14-4516

I concur in the majority's decision to affirm the trial court's denial of Appellant's dispositive motion to dismiss for entrapment. However, because I do not believe that Appellant's dual convictions for solicitation of a minor on February 3, 2014, and traveling after solicitation to meet a minor on February 4, 2014, violate double jeopardy in this particular case as they were separate and distinct criminal acts, I respectfully dissent.

In this case, the initial paragraph of the amended information charged that the conduct in Count I, soliciting a minor, occurred on February 3, 2014. The amended information further alleged that Count II, traveling to meet a minor, occurred on February 4, 2014. Thus, Count I only addressed Appellant's conduct on February 3, 2014, and Count II only addressed his conduct on February 4, 2014. The charges do not overlap.

Moreover, the communication on February 3, 2014, between Appellant and the detective posing as the fictitious fourteen-year-old "Samantha Steele" included sexually explicit text messages and ended at 9:18 p.m. without any concrete plans to meet other than plans to text each other the next day. "Steele" sent Appellant a text at 2:29 p.m. on February 4, 2014. On that date, Appellant engaged in some sexual conversation with "Steele," though less than the previous night, and made arrangements to travel to meet "Steele" in Clermont, Florida. It is important to this analysis that the State did not include any of the solicitation conduct that occurred on February 4, 2014, in the soliciting a minor count.[1] Indeed, the record is clear that Appellant indicated he could not meet "Steele" on February 3, 2014, because he had to work early the next morning. Appellant also

_____

[1] Appellant's argument that the words "on or about" in the information encompass both dates is without merit as February 4, 2014, was explicitly mentioned in Count II and could have been explicitly mentioned in regards to Count I if the State had so desired.

6

testified, in support of his entrapment defense at the hearing on his motion to dismiss, that he had no intention of contacting "Steele" again on February 4, 2014, and would not have ever contacted her again, if she had not contacted him first.

In my view, the February 3, 2014 conduct constituted a separate criminal act from the conduct occurring on February 4, 2014, because the February 3, 2014 solicitation was charged separately from the criminal act underlying the February 4, 2014 traveling to meet a minor count and the temporal break of seventeen hours was sufficient to separate the conduct. See Hartley v. State, 129 So. 3d 486, 491 (Fla. 4th DCA 2014) (noting double jeopardy is not violated when more than one charge is brought where there is a temporal break between computer conversations and there is not one continuous criminal act); Hammel v. State, 934 So. 2d 634, 636 (Fla. 2d DCA 2006) (same); see also McCarter v. State, 41 Fla. L. Weekly D2100 (Fla. 1st DCA Sept. 8, 2016); Welch v. State, 189 So. 3d 296, 302 (Fla. 2d DCA 2016); Barnett v. State, 159 So. 3d 922, 925 (Fla. 5th DCA 2015) (finding that a two day gap between the solicitation conduct and the traveling to meet a minor conduct was a sufficient temporal break). The critical factor is not the actual length of the temporal break, but whether that break, however long it lasted, provided sufficient time for the defendant to "pause, reflect, and form a new criminal intent" such that subsequent conduct constitutes a separate criminal episode. See Anthony v. State, 108 So. 3d 1111, 1119 (Fla. 5th DCA 2013) (finding that false statements made several hours apart on the same day in two different police interviews were separate criminal episodes (citing Cabrera v. State, 884 So. 2d 482, 484 (Fla. 5th DCA 2004))). Based on Appellant's testimony that he had no intention of ever contacting "Steele" again after February 3, 2014, it is apparent that Appellant had the opportunity "to

7

pause, reflect, and form a new criminal intent" prior to his conduct on February 4, 2014. See Welch, 189 So. 3d at 302 (quoting Hammel, 934 So. 2d at 635); Anthony, 108 So. 3d at 1119 (citing Cabrera, 884 So. 2d at 484); Partch v. State, 43 So. 3d 758, 761 (Fla. 1st DCA 2010) (citing Hayes v. State, 803 So. 2d 695, 700 (Fla. 2001)).

The majority's reliance on Shelley, Senger, and Mahar to support the conclusion that Appellant's dual convictions violate double jeopardy in this case is misplaced. In each of those cases, the State charged the defendants with solicitation and traveling on the same date or on the same intervening dates. See Shelley v. State, 134 So. 3d 1138, 1142 (Fla. 2d DCA 2014), approved by State v. Shelley, 176 So. 3d 914 (Fla. 2015) (finding dual convictions violated double jeopardy when "[t]he State only charged one use of computer devices to solicit, and that charge was based on a solicitation occurring on the same date as the traveling offense");[2] Senger v. State, 41 Fla. L. Weekly D1259 (Fla. 5th DCA May 27, 2016) (noting the State properly conceded error where the offense dates alleged in the information overlapped); Mahar v. State, 190 So. 3d 1123, 1125 (Fla. 2d DCA 2016) ("[W]e see no material difference between these facts and those in Shelley.").[3] This is a factual distinction with a difference. The State did not charge Appellant's soliciting conduct on February 4, 2014, because, if it had, a double jeopardy violation

---

[2] It appears that there was uncharged solicitation conduct that occurred over the course of several days in Shelley, but that only conduct from one day was actually charged in the information. Shelley, 176 So. 3d at 916 (noting that the communications occurred over the course of several days); Shelley, 134 So. 3d at 1141-42 (stating that there were "three separate uses of computer devices" for solicitation "on the date charged in the information," but that the State only charged the defendant with one of those uses which occurred on the same day as the traveling to meet a minor offense).

[3] The initial brief filed in Mahar notes that the amended information charging Mahar with solicitation and traveling alleged that the events occurred on or about March 22, 2013.

would have undoubtedly occurred, especially considering Appellant was charged with traveling to meet a minor on that same day. See Shelley, 176 So. 3d at 919 (holding double jeopardy bars dual convictions for solicitation and traveling based on the same conduct); see also Sang Youn Kim v. State, 154 So. 3d 1168, 1169 (Fla. 2d DCA 2015) (vacating solicitation offense where the information alleged it occurred on the same day as the traveling offense).

Furthermore, the majority opinion's speculation regarding what might have happened to the timeline but for Appellant's work schedule or if the timing of the initial communication had been different ignores Appellant's testimony in support of his entrapment defense. Appellant's testimony shows that his criminal intent on February 3, 2014, did not carry over to February 4, 2014. Instead, after the temporal break, Appellant formed a new criminal intent on February 4, 2014, after "Steele" reinitiated contact. Accordingly, I would affirm.