BERGER, J.,
concurring in part; dissenting in part.
I concur in the majority’s decision to affirm the trial court’s denial of Appellant’s dispositive motion to dismiss for entrapment. However, because I do not believe that Appellant’s dual convictions for solicitation of a minor on February 3, 2014, and traveling after solicitation to meet á minor on February 4, 2014, violate double jeopardy in this particular case as they were separate and distinct criminal acts, I respectfully dissent.
In this case, the initial paragraph of the amended information charged that the conduct in Count I, soliciting a minor, occurred on February 3, 2014. The amended information further alleged that Count II, traveling to meet a minor, occurred on February 4, 2014. Thus, Count I only addressed Appellant’s conduct on February 3, 2014, and Count II only addressed his conduct on February 4, 2014. The charges do not overlap.
Moreover, the communication on February 3, 2014, between Appellant and the detective posing as the fictitious fourteen-year-old “Samantha Steele” included sexually explicit text messages and ended at 9:18 p.m. without any concrete plans to meet other than plans to text each other the next day. “Steele” sent Appellant a text at 2:29 p.m. on February 4, 2014. On that date, Appellant engaged in some sexual conversation with “Steele,” though less than the previous night, and made arrangements to travel to meet “Steele” in Clermont, Florida. It is important to this analysis that the State did not include any of the solicitation conduct that occurred on February 4, 2014, in the soliciting a minor *1234 count.[1] Indeed, the record is clear that Appellant indicated he could not meet “Steele” on February 3, 2014, because he had to work early the next morning. Appellant also testified, in support of his entrapment defense at the hearing on his motion to dismiss, that he had no intention of contacting “Steele” again on February 4, 2014, and would not have ever contacted her again, if she had not contacted him first.
In my view, the February 3, 2014 conduct constituted a separate criminal act from the conduct occurring on February 4, 2014, because the February 3, 2014 solicitation was charged separately from the criminal act underlying the February 4, 2014 traveling to meet a minor count and the temporal break of seventeen hours was sufficient to separate the conduct. See Hartley v. State, 129 So.3d 486, 491 (Fla. 4th DCA 2014) (noting double jeopardy is not violated when more than one charge is brought where there is a temporal break between computer conversations and there is not one continuous criminal act); Hammel v. State, 934 So.2d 634, 636 (Fla. 2d DCA 2006) (same); see also McCarter v. State, 204 So.3d 529, 41 Fla. L. Weekly D2100, 2016 WL 4708570 (Fla. 1st DCA Sept. 8, 2016); Welch v. State, 189 So.3d 296, 302 (Fla. 2d DCA 2016); Barnett v. State, 159 So.3d 922, 925 (Fla. 5th DCA 2015) (finding that a two day gap between the solicitation conduct and the traveling to meet a minor conduct was a sufficient temporal break). The critical factor is not the actual length of the temporal break, but whether that break, however long it lasted,- provided sufficient time for the defendant to “pause, reflect, and form a new criminal intent” such.that subsequent conduct constitutes a separate criminal episode. See Anthony v. State, 108 So.3d 1111, 1119 (Fla. 5th DCA 2013) (finding that false statements made several hours apart on the same day in two different police interviews were separate criminal episodes (citing Cabrera v. State, 884 So.2d 482, 484 (Fla. 5th DCA 2004))). Based on Appellant’s, testimony that he had no intention of ever contacting, “Steele” again after February 3, 2014, it is apparent that Appellant had the opportunity “to pause, reflect, and form a new criminal intent” prior to his conduct on February 4, 2014. See Welch, 189 So.3d at 302 (quoting Ham-mel, 934 So.2d at 635); Anthony, 108 So.3d at 1119 (citing Cabrera, 884 So.2d at 484); Partch v. State, 43 So.3d 758, 761 (Fla. 1st DCA 2010) (citing Hayes v. State, 803 So.2d 695, 700 (Fla.2001)).
The majority’s reliance on Shelley, Sen-ger, and Mahar to support the conclusion that Appellant’s dual convictions violate double jeopardy in this case is misplaced. In each of those cases, the State charged the defendants with.solicitation and traveling on the same, date or on the same intervening dates. See Shelley v. State, 134 So.3d 1138, 1142 (Fla. 2d DCA 2014), approved by State v. Shelley, 176 So.3d 914 (Fla.2015) (finding dual convictions violated double jeopardy when “[t]he State only charged one use of computer devices to solicit, and that charge was based on a solicitation occurring on the same date as the traveling offense”);[2] Senger v. State, *1235 200 So.3d 137 (Fla. 5th DCA 2016) (noting the State properly conceded error where the offense dates alleged in the information overlapped); Mahar v. State, 190 So.3d 1123, 1125 (Fla. 2d DCA 2016) (“[W]e see no material difference between these facts and those in Shelley.”).[3] This is a factual distinction with a difference. The State did not charge Appellant’s soliciting conduct on February 4, 2014, because, if it had, a double jeopardy violation would have undoubtedly occurred, especially considering Appellant was charged with traveling to meet a minor on that same day. See Shelley, 176 So.3d at 919 (holding double jeopardy bars dual convictions for solicitation and traveling based on the same conduct); see also Sang Youn Kim v. State, 154 So.3d 1168,1169 (Fla. 2d DCA 2015) (vacating solicitation offense where the information alleged it occurred on the same day as the traveling offense).
Furthermore, the majority opinion’s speculation regarding what might have happened to the timeline but for Appellant’s work schedule or if the timing of the initial communication had been different ignores Appellant’s testimony in support of his entrapment defense. Appellant’s testimony shows that his criminal intent on February 3, 2014, did not carry over to February 4, 2014. Instead, after the temporal break, Appellant formed a new criminal intent on February 4, 2014, after “Steele” reinitiated contact. Accordingly, I would affirm. ■

. Appellant’s argument that the words “on or about” in the information encompass both dates is without merit as February 4, 2014, was ■ explicitly mentioned in Count II and could have been explicitly mentioned in regards to Count I if the State had so desired.

. It appears that there was uncharged solicitation conduct that occurred over the course of several days in Shelley, but that only conduct from one day was actually charged in the information. Shelley, 176 So.3d at 916 (noting that the communications occurred over the course of several days); Shelley, 134 So.3d at 1141-42 (stating that there were *1235 "three separate uses of computer devices” for solicitation “on the date charged in the information,” but that the State only charged the defendant with one of those uses which occurred on the same day as the traveling to meet a minor offense).

. The initial brief filed in Mahar notes that the amended information charging Mahar with solicitation and traveling alleged that the events occurred on or about March 22, 2013.